**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-24-222-R |
| | ) | |
| MICHAEL GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court to Defendant's pro se "Application for Notice of Review/Modification of Sentence Pursuant to § 3582(c)(2), the First Step Act, and Retroactive Amendments 828, 829, 795, 821, & 825" [Doc. No. 49].

Defendant's filing asserts that various amendments to the sentencing guidelines have produced a gross disparity between the sentencing he is currently serving[1] and the sentence he would likely receive if sentenced today. However, apart from his conclusory assertions, Defendant does not present any meaningful analysis or argument. Because Defendant has failed to develop any argument in support of his request for a sentence reduction, the Application is denied without prejudice. *See United States v. Cooper,* 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived.") (brackets and internal quotation marks omitted); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such

---

[1] Defendant was sentenced on January 6, 2025. In response to Defendant's Application, the United States Probation Office filed a Preliminary Report [Doc. No. 50] stating that Defendant is ineligible for sentencing relief under Amendment 821.

issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (internal quotation marks omitted).

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

2